NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W. JAMES MAC NAUGHTON | : |
| : | CIVIL ACTION NO. 09-5450 (ES) |
| Plaintiff, : | |
| v. : | |
| : | |
| SHAI HARMELECH, CABLE AMERICA, INC., : | |
| d/b/a SATELLITE AMERICA and USA : | |
| SATELLITE & CABLE, INC. : | |
| : | OPINION |
| Defendants. : | |
| : | |

**SALAS, District Judge**

**I.   Introduction**

Pending before this Court is Defendant Shai Harmelech's ("Defendant" or "Harmelech") motion for Rule 11 sanctions against Plaintiff W. James MacNaughton. ("Plaintiff" or "MacNaughton"). (D.E. 120). The Court has considered the papers submitted in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion for Rule 11 sanctions is DENIED.

**II.   Background**

The facts giving rise to this litigation are recited in detail in Judge Sheridan's September 22, 2010 opinion. (See D.E. 35). In short, Plaintiff is the former attorney for Defendant. Plaintiff alleges that he is owed monies for legal services rendered on behalf of Defendant in connection with litigation in the Northern District of Illinois. (D.E. 61, ¶ 8). Plaintiff filed suit in this Court seeking to enforce a lien he allegedly acquired through a purported security agreement he and Defendant executed. (*Id.* ¶¶ 26-29).

On October 26, 2009, Plaintiff filed his initial Complaint with this Court. (D.E. 1). On September 22, 2010, Judge Sheridan dismissed the fourth count of Plaintiff's original complaint which sought a declaratory judgment regarding the validity of Plaintiff's security interest in Defendants' real and personal property based on the August 12, 2009 Security Agreement entered into by Plaintiff and Harmelech. Judge Sheridan reasoned that the Illinois Commercial Code did not support Plaintiff's super-generic description of Defendants' property in the Security Agreement. (September 22 Opinion at p. 8; D.E. 35). On September 23, 2010, Plaintiff filed an Amended Complaint. (D.E. 37). Then, upon consent of the parties, Plaintiff filed a Second Amended Complaint ("2AC") on December 11, 2010. (D.E.'s 59 & 61).

On July 28, 2011, this Court imposed temporary restraints on Plaintiff, enjoining him from contacting any of Defendants' clients and informing them of his alleged lien on Harmelech's property. The Court imposed these restraints but ordered the parties to engage in motion practice so that the Court could determine whether to impose a permanent injunction. On that same day, Defendant filed this motion for Rule 11 sanctions.

### III.   Legal Standard

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . .

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3). In the Third Circuit, the legal standard for evaluating the conduct

alleged to violate Rule 11 is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 184 (3d Cir. 2008) (internal citations omitted).  Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). The decision to grant a motion for sanctions falls within the discretion of the district judge. *See Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 762 (3d Cir. 2009).

## IV. Analysis

Defendant argues that Rule 11 sanctions should be imposed on MacNaughton because (1) he did not conduct a reasonable investigation of whether he could meet the jurisdictional monetary minimum required to retain this Court's jurisdiction, (Moving Br., D.E. 120, at 4-5); (2) for filing First and Second Amended Complaints, (*id.* at 5-6); (3) by bringing a fraud claim in state court after that claim had already been dismissed in federal court, (*id.* at 6-7); and (4) for contacting Harmelech's customers and telling them that MacNaughton has a lien on Harmelech's property, even though Judge Sheridan dismissed Plaintiff's declaratory judgment claim regarding the validity of Plaintiff's purported right to a lien of Defendants' property the September 22, 2010 opinion, (*id.* at 7-10).  The Court addresses each request for sanctions in turn.

As to Defendant's first basis for sanctions—lack of reasonable investigation or truthfulness as to the total amount in controversy—Judge Sheridan dealt with this exact issue in his September 22, 2010 opinion in the context of a 12(b)(1) motion for lack of subject matter jurisdiction. (*See* D.E. 35, at 6).  Judge Sheridan found that, "disregarding the punitive damages connected to the fraud claim, plaintiff still alleged damages in excess of $75,000." (*Id.*).  Judge Sheridan then denied Defendants' motion. (*Id.*). The Court declines to revisit that determination.

Second, the Court declines to impose sanctions for MacNaughton's filing of the First and Second Amended Complaints. He was entitled to file the First Amended Complaint as of right. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course[.]"). Further, the Second Amended Complaint was filed "upon consent of the parties." (*See* "Consent Order Granting Plaintiff Leave to File the Second Amended Complaint," D.E. 55). Defendant cannot now revoke his consent or ask the Court to punish Plaintiff for something he was given permission to do.

Third, the Court declines to impose sanctions on Plaintiff for filing the fraud claim in New Jersey's state court after the claim was dismissed in this Court. The Court will not impose sanctions for actions taken outside of this Court's jurisdiction.

Finally, the Court declines to impose sanctions on Plaintiff for his representations to Harmelech's customers about the lien for two reasons. First, Judge Sheridan's September 22, 2010 ruling involved dismissal of a lien allegedly created by a security agreement. Now, MacNaughton is advancing an equitable lien theory—an issue Judge Sheridan did not address. Therefore, MacNaughton was not acting on a premise that was contrary to what Judge Sheridan wrote in his opinion and order. Second, and more importantly, the Court already imposed temporary restraints on MacNaughton on July 28, 2011—the same day this motion for Rule 11 sanctions was filed. The Court declines to go any further without (1) having determined the merits of the motion for a preliminary injunction and (2) being confronted with evidence that MacNaughton has disobeyed this Court's July 28, 2010 order restraining his conduct.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for Rule 11 sanctions is DENIED. An accompanying Order will follow.

**Dated: March 30, 2012**               *s/Esther Salas*                   
                                        **Esther Salas**
                                        **United States District Judge**