UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W. JAMES MAC NAUGHTON, <br><br> Plaintiff, <br><br> v. <br><br> SHAI HARMELECH et al., <br><br> Defendants. | Civ. No. 2:09-05450 <br> (KM)(MAH) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the Motion (Docket No. 246) of the Plaintiff, W. James Mac Naughton, to appeal the portion of Magistrate Judge Hammer's June 17, 2013 discovery order (the "Order," Docket No. 242) that directed the parties to submit a proposed amended schedule for expert discovery. I endorse Judge Hammer's sound and practical approach to the management of this case, and I affirm the Order.

I. **Background**

Plaintiff Mac Naughton brought this case against his former client, Shai Harmelech, and Harmelech's companies: Cable America, Inc. (d/b/a Satellite America) and USA Satellite & Cable, Inc. (collectively, "Corporate Defendants"). Mac Naughton seeks legal fees and expenses for his prior representation of the defendants. In addition to the motion addressed here, Mac Naughton has also filed a motion for partial summary judgment which is awaiting review.

The present discovery dispute—apparently one of many in this contentious matter—concerns the following portion of Judge Hammer's June 17, 2013 Order:

1

> ORDERED that the parties shall submit a proposed amended schedule by June 28, 2013, that includes a date for designation of experts and service of expert reports for after the close of fact discovery.

(Order at 5). The Order also reaffirmed the previously-set date of July 14, 2013, for the close of fact discovery, except as to matters that remained open under undecided motions. (Order at 4-5 & n.4).

Mac Naughton objects to what he regards as Judge Hammer's unwarranted extension of the deadline for expert discovery, and appeals from that portion of the Order. (Docket No. 246). In his motion, Mac Naughton argues that the parties had earlier entered a "stipulation" as to the schedule, that Judge Hammer was bound by that schedule unless "exceptional circumstances" permitted modification, and that he abused his discretion by requesting a proposed amended schedule. *Id.* Upon the filing of this appeal, expert discovery apparently ceased.

The "stipulation" cited in Mac Naughton's motion is a joint status report submitted on March 25, 2013, by Mac Naughton and the Corporate Defendants (not joined by Harmelech) (the "March Joint Status Report," Docket No. 230). The March Joint Status Report included an agreement that if the Defendants did not designate an expert regarding the necessity and reasonableness of Plaintiff's legal fees before an agreed-upon deadline of May 1, 2013, they would waive their Third Affirmative Defense. *Id.* at 20.

Following the submission of the March Joint Status Report, and in the midst of several discovery disputes, Judge Hammer issued a discovery order on April 24, 2013. (Docket No. 235). In part, Judge Hammer ordered that the parties submit by May 24, 2013, another joint report stating their positions as to the date by which the Corporate Defendants had to identify an expert. *Id.* at 1-2. On the record, Judge Hammer stated to the Parties that the deadline to designate an expert might be extended because of the ongoing discovery issues. *See* Docket No. 242 at 4.

2

On May 24, 2013, the parties submitted the requested joint report (the "May Joint Report," Docket No. 237). In the May Joint Report, Mac Naughton argued that the expert deadlines should not be extended beyond May 1, 2013 (a date that had already passed). *Id.* at 16. The Corporate Defendants argued that the deadline to designate an expert should be set to coincide with the deadline for fact discovery. *Id.* at 19. Unable to reach an agreement as to the deadline, on May 31, 2013, the Corporate Defendants asked the Court for clarification of the expert schedule. (Docket No. 238). Mac Naughton responded on June 1, 2013, by asking the Court to enforce the parties' "stipulation" in the March Joint Status Report to a deadline of May 1, 2013. (Docket No. 239).

On June 17, 2013, Judge Hammer entered the Order that is the subject of this appeal. In that Order, he directed, *inter alia,* that the parties submit a new proposed schedule for the designation of experts and service of expert reports. (Docket No. 242). Mac Naughton's appeal from that portion of the Order renewed the argument from his June 1, 2013 letter that the parties had stipulated in the March Joint Status Report to a deadline of May 1, 2013. Because that deadline had passed, Mac Naughton requested that the Court strike the Defendants' Third Affirmative Defense in keeping with the "stipulation" in the March Joint Status Report. (Docket No. 246). The Corporate Defendants filed a Response on July 1, 2013. (Docket No. 253). On July 8, 2013, Mac Naughton filed a Reply. (Docket No. 255). I have reviewed the submissions, as well as Judge Hammer's Order, and I rule without oral argument pursuant to Fed. R. Civ. P. 78.

## II.   Discussion

Magistrate Judge Hammer properly exercised his discretion to modify the expert discovery schedule. The March 25, 2013 joint status report was not a binding "stipulation," and in any event it did not bar Judge Hammer from

3

readjusting the discovery dates. I agree with the reasoning of Judge Hammer's Order and affirm it.[1]

## A. Standard of Review

The District Court will reverse a Magistrate Judge's non-dispositive order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Group*, 975 F.2d 81, 92 (3d Cir. 1992); see also *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir.1986). Where a Magistrate Judge is authorized to exercise his or her discretion, as in a discovery matter like this one, the District Court will reverse the decision only for an abuse of that discretion. See *Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). Such deference is "especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citing *Public Interest Research Group v. Hercules, Inc.*, 830 F.Supp. 1525, 1547 (D.N.J.1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)).

Because the issue here is one of discovery, my standard of review is deferential. I note, however, that the applicable standard of review is not critical to this matter because, even viewing the matter *de novo*, I would agree with Magistrate Judge Hammer's well-considered decision.

---

[1] Mac Naughton also argues that, in accordance with the March Joint Report, the Third Affirmative Defense was waived because Defendants failed to meet the expert discovery deadline of May 1, 2013. Mac Naughton has filed a Motion for Partial Summary Judgment that encompasses this claim, and others. (Docket No. 276). Because I affirm Judge Hammer's Order, expert discovery will proceed. This discovery may be probative of the Third Affirmative Defense and other issues. I will therefore administratively terminate the Motion for Partial Summary Judgment, subject to renewal at the close of discovery.

### B. Magistrate Judge Hammer Did Not Err in Ordering the Parties to Submit an Amended Proposed Schedule for Designation of Experts and Service of Expert Reports.

Magistrate Judge Hammer, in his June 17, 2013 Order, rightly ordered the parties to submit a new proposed schedule for expert discovery. The previously agreed deadline of May 1, 2013, was not a binding stipulation between the parties. Furthermore, Judge Hammer maintained the discretionary power to adjust discovery deadlines and was not at any point bound by an agreement between most (but not all) of the parties here.

#### 1. There Was No Binding "Stipulation."

Plaintiff Mac Naughton argues that the March Joint Status Report which set a deadline of May 1, 2013, for the designation of the defense expert witness, was a valid stipulation between the parties. That stipulation, says Mac Naughton, barred the parties from modifying the deadline and also tied Judge Hammer's hands. The March Joint Status Report was not a binding stipulation and it will not be enforced over the contrary order of the Magistrate Judge.

The Third Circuit recognizes that "valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside." *Waldorf v. Shuta*, 142 F.3d 601, 616 (citing *Kohn v. American Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir.1972), *partially overruled on other grounds en banc by Kershner v. Mazurkiewicz*, 670 F.2d 440, 448 (3d Cir.1982)). A stipulation is valid if it is entered into "freely and fairly" and approved by the Court. *See id.* Mac Naughton assumes that the agreement in the March Joint Status Report functions as a binding stipulation, but the facts fail to support that. The March Joint Status Report, submitted on March 25, 2013, was not agreed to by all parties and it was not accepted by the Court as a binding deadline for the designation of experts.

Even as between the Corporate Defendants and Mac Naughton, the March Joint Status Report is not binding, and in particular it did not bind

Judge Hammer. Judge Hammer did not approve this deadline; in fact the subsequent debate between the parties and follow-up letters to the Court show that the expert designation date continued to be a disputed issue. *See* Docket Nos. 237 (May 24, 2013 Status Report), 238 (May 31, 2013 letter from Corporate Defendants), 239 (June 1, 2013 letter from Mac Naughton). Although the March Joint Status Report proposed a deadline agreeable to several parties at the time, the May 1, 2013, date was never adopted or accepted by the Court as an unalterable deadline.

In addition, the March Joint Status Report, even if it were a binding stipulation, would not bind defendant Harmelech. True, it states that it applies to both the Corporate Defendants and Harmelech. (Docket No. 230 at 20). Harmelech, however, did not join the Report, and he explicitly refused to attend the meet-and-confer, or to grant the Corporate Defendants' attorney, William T. Harvey, the authority to bind him personally. *Id.* at 1. That may or may not have been proper; the issue is not before me. It is clear, however, that Harmelech did not consent to the May 1 deadline or to the waiver of the Third Affirmative Defense if he failed to meet that deadline.

### 2. Judge Hammer Was Empowered to Modify the Expert Schedule.

More fundamentally, I question Mac Naughton's evident assumption that a binding stipulation between the parties would deprive Judge Hammer of the power to adjust the expert discovery schedule.[2]

Setting and resetting expert discovery deadlines is firmly within Judge Hammer's discretion. *See Cooper Hospital*, 183 F.R.D. at 127; *Kresefky*, 169

---

[2] Mac Naughton's Motion and Reply cite to precedent for the Court's setting aside of a stipulation between the parties after it has been validly made and accepted by the Court. *See* Docket Nos. 246-2 at 1-3, 255 at 2-5 (citing *Chemical Leaman Tank Lines v. Aetna Cas. & Sur.*, 71 F. Supp. 2d 394, 396; *Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998)). These cases concern stipulations between the parties as to issues of liability. I am not persuaded that they are at all applicable to the setting of discovery deadlines, a matter well within the core authority of a federal Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(A).

F.R.D. at 64. Judge Hammer has managed this case through a multitude of discovery delays and disputes, and is well familiar with the facts and circumstances. *See* Docket No. 242, at 3-4. His request for a new proposed expert schedule was made with full knowledge of those facts and circumstances. *See Cooper Hospital*, 183 F.R.D. at 127; *Kresefky*, 169 F.R.D. at 64; *Deluccia*, 2010 WL 909548 at *2. Indeed, some of the deadlines passed while disputes about them were still *sub judice*; some kind of adjustment would have been necessary in any case.

On April 24, 2013, Judge Hammer stated on the record that the expert deadlines might be extended because of outstanding issues. *Id.* at 4. The parties were thus on notice as of April 24, 2013, that the deadline could be extended. Further, an order issued by Judge Hammer that same day asked the parties to submit a joint letter by May 24, 2013, stating their positions. (Docket No. 235 at 2). In his June 17 Order, Judge Hammer again identified ongoing issues, arising from depositions and potentially privileged communications, that were affecting the progress of discovery. (Docket No. 242 at 1-4).

Mac Naughton fails to articulate any reason why Judge Hammer did not retain the power and discretion to modify the expert schedule, even assuming that the schedule had been set by "stipulation." (Docket No. 246 at 2). True, the Defendants have delayed in designating an expert on the reasonableness of fees.[3] *See* Docket No. 255 at 4-5. The record also shows, however, that there were various, intervening discovery issues that bore on the discovery schedule. *See* Docket No. 242 at 1-4. Judge Hammer could and did take all of these matters into account in setting a schedule that ensured that *all* fact and expert discovery could be taken, and *all* disputes resolved, in orderly fashion.

---

[3] Although the issue is not critical, it may be inferred that the Defendants relied on Judge Hammer's April 24 statement and Order when they failed to designate an expert by May 1, 2013. Judge Hammer himself referred to that statement as part of his rationale for requesting a new proposed schedule. (Docket No. 242 at 4).

Mac Naughton's Motion, if granted, would disrupt that orderly progress of discovery. His object is to dismiss the Defendants' Third Affirmative Defense before potentially relevant expert testimony can be considered.

Judge Hammer had the discretion to alter the discovery schedule himself. And of course, that greater power includes the lesser one of asking the parties to propose an amended schedule for the designation of experts and service of expert reports. Because the deadlines were in flux—and because the amended deadline sought by Judge Hammer apparently *still* has not been proposed or ordered—the Corporate Defendants' failure to designate an expert by May 1, 2013, did not violate any binding "stipulation" and did not waive their Third Affirmative Defense.

This appeal from a scheduling order, considered in light of the abuse-of-discretion standard of review, borders on the frivolous. Apparently expert discovery has ceased while it is pending. As the Judge who will preside over this case, I must express my displeasure at what Judge Hammer in his Order has characterized as "acrimonious" proceedings. I do not now lay blame. I do expect from *all* parties—Mr. Mac Naughton, Mr. Harmelech, and the corporations—a good faith effort to resolve discovery disputes without the intervention of the court, but in any event I expect discovery to proceed efficiently toward the goal of preparing the case for summary judgment or trial. This Court takes seriously its duty to construe the Federal Rules flexibly "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Any party who hopes to prevail on a discovery-related technicality, or through frustration of discovery, should abandon that hope and work diligently to move the case forward to a determination on the merits. All should rest assured that sound rulings within the Magistrate Judge's broad zone of discretion will have the full backing of this Court.

### III. Conclusion

For the foregoing reasons, Plaintiff Mac Naughton's appeal of the June 17, 2013 Order (Docket No. 242) will be denied in its entirety. The Third Affirmative Defense will not be dismissed. I find that Mac Naughton's pending Motion for Partial Summary Judgment (Docket No. 276) is not ripe for decision. It will be administratively terminated, subject to renewal after the close of discovery.

The parties are directed to submit an amended proposed schedule to Magistrate Judge Hammer, pursuant to the terms of the Order, by October 21, 2013. There will be no extensions.

An appropriate Order will be filed.

_____
**Kevin McNulty**
**United States District Judge**

Dated: October 11, 2013