UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| W. JAMES MAC NAUGHTON, | : | |
| Plaintiff, | : | Civil Action No. 09-5450 (KM) |
| v. | : | |
| SHAI HARMELECH, CABLE AMERICA, INC., d/b/a SATELLITE AMERICA, et al., | : | ORDER |
| Defendants. | : | |

This matter having come before the Court by way of pro se Defendant Shai Harmelech's ("Harmelech") motion for leave to file an Amended Counterclaim [D.E. 381] against Plaintiff W. James Mac Naughton ("Mac Naughton") to add: (1) claims against Casco Bay Holdings; (2) testimony from the deposition transcripts of Mac Naughton and Paul Korniczky to demonstrate that Mac Naughton violated the Illinois Uniform Commercial Code rules; (3) Mac Naughton's recent attempts to wrongfully assert his First Amended Security interest; and (4) additional expenses Defendant suffered as a result of Mac Naughton's alleged Uniform Commercial Code violations;

and Plaintiff opposing this motion, see Pl.'s Opp. Br., D.E. 387;

and the Court having considered the parties' submissions, the record, and the applicable law;

and the Court considering Defendant's motion without oral argument pursuant to Federal Rule of Civil Procedure 78;

and it appearing that Defendant moves to amend his pleadings under Federal Rule of Civil

Procedure 15(d);[1]

and Fed. R. Civ. P. 16 providing that a court shall enter scheduling orders to allow for

---

[1] "The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, No. 10-1283 (NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). While Defendant contends that he is entitled to supplement his Counterclaim under Rule 15(d), see Def.'s Mot. to Amend, D.E. 381, the Court disagrees. First, it is unclear whether Defendant is attempting to supplement under Rule 15(d), by adding claims that arose after the date of filing his original pleading, or attempting to amend under Rule 15(a), by adding claims that predate the filing of his original pleading. See Hassoun v. Cimmino, 126 F. Supp. 2d 353, 359-60 (D.N.J. 2000) (differentiating between Rules 15(a) and 15(d)). However, because the standards governing both Rules are "essentially the same," it is unnecessary for the Court to determine whether Rule 15(a) or 15(d) applies. See Micron Tech., Inc. v. Rambus Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006); see also Hassoun, 126 F. Supp. 2d at 360 ("Although Rule 15(d) does not include the same express mandate as Rule 15(a), courts construe it to require a similarly liberal approach.").

Under either Rule 15(d) or 15(a), leave to amend is to be liberally construed. Rule 15(d) provides, in pertinent part, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(a) states, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under these permissive Rules, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).

On the other hand, Rule 16 is more exacting. Specifically, "Rule 16 . . . requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). While there sometimes might be "tension" between the standards of the two Rules, id. at *2 n.3, Third Circuit courts "have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)—i.e., that party must show 'good cause.'" Id. at *2; see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

Here, Rule 16 governs Defendant's motion. The Scheduling Order, dated December 10, 2010, set March 11, 2011 as the deadline to add parties or to amend pleadings. See Pretrial Scheduling Order, dated Dec. 10, 2010, D.E. 64, ¶ 3. Harmelech filed this motion on November 10, 2014. See Def.'s Mot. to Amend, D.E. 381. Thus, because Harmelech's motion for leave to amend his counterclaim was filed well after the March 11, 2011 deadline, the Court must consider whether good cause exists to extend the deadline to amend the pleading.

"judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps," Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) (quotations omitted); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases);

and the Court having entered a Pretrial Scheduling Order in this case that provided, among other things, that "[a]ny motion to add new parties, whether by amended or third-party complaint, must be returnable no later than March 11, 2011," see Pretrial Scheduling Order, dated Dec. 10, 2010, D.E. 64, ¶ 3;[2]

and the Court having set such a deadline so that the parties could evaluate the pleadings after having exchanged some discovery but well in advance of the fact discovery deadline, so that there would be ample time to conduct discovery regarding any new claims, defenses, or new parties that may be added or joined, see Fed. R. Civ. P. 16(b)(3)(A) (importantly, the scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."); see also Fed. R. Civ. P. 16(b) advisory committee's note

---

[2] The Court notes that this application is not Harmelech's first attempt to amend his counterclaim after the deadline to amend. On July 28, 2011, the District Court granted Harmelech leave to file an amended answer during a hearing on the record. See Transcript of July 28, 2011 Hearing, D.E. 122, at 14:8-11. On that same day, the District Court entered a Letter Order that "permitted [Harmelech] 30 days to amend the First Count of the Counterclaim." See Letter Order dated July 28, 2011, D.E. 119. However, although Harmelech was given until August 28, 2011, to correct deficiencies as to Count I of his counterclaim, he failed to do so. On March 12, 2013, nearly two years after the August 28, 2011, deadline, Harmelech filed a motion seeking to amend his first counterclaim. See Def.'s Mot. to Amend Countercl., D.E. 225. On June 28, 2013, this Court denied Harmelech's motion, finding that there was no good cause to amend, and that "considering that this case has been proceeding for nearly four years and that fact discovery is nearly closed, adding new claims at this late venture would constitute undue prejudice to plaintiff." See Order, dated June 28, 2013, D.E. 243.

(1983 Amendment) (requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed.");

and Rule 16 further providing that the party seeking modification of a pretrial scheduling order must show "good cause" for a court to change the Order, Fed. R. Civ. P. 16(b), and that a court may exercise its discretion to modify a Rule 16 scheduling order upon "a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension," Fed. R. Civ. P. 16, Advisory Committee's Note, on Subdivision (b); Harrison Beverage Co., 133 F.R.D. at 469 (stating modification of scheduling orders is discretionary);[3]

and it further appearing that allowing extensions in the absence of "good cause" would "deprive trial judges of the ability to effectively manage the cases on their overcrowded dockets" and severely impair the utility of the scheduling orders, Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986);

and the Court finding that Harmelech has not provided good cause to amend his pleading;[4]

---

[3] Under Fed. R. Civ. P. 16(b)(4), the "good cause" standard requires a careful analysis of the circumstances of the application. See J.G. v. C.M., C.A., No. 11-2887 (WJM), 2014 WL 1652793, at *1 (D.N.J. Apr., 23, 2014). Whether "good cause" exists under Rule 16 "depends on the diligence of the moving party." GlobespanVirata, Inc. v. Texas Instruments, Inc., No. 03-2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. V. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Further, "good cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" Phillips v. Greben, No. 04-5590 (GEB), 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (citing Newton v. Dana Corp. Parish Div., No. 94-4958, 1995 WL 368172, at *1 (E.D. Pa. 1995)). "[T]he absence of prejudice to the non-moving party does not constitute 'good cause.'" Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co., No. 09-6259 (NLH), 2011 WL 6303258, at*3 (D.N.J. Dec. 16, 2011) (citing GlobespanVirata, 2005 WL 1638136, at *3). In other words, "[a]bsent diligence, there is no 'good cause.'" Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007).

[4] In determining whether "good cause" exists for an untimely motion to amend pleadings, courts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline expired. See Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121 (RBK/JS),

2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying a plaintiff's motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); see also Kennedy v. City of Newark, No. 10-cv-1405 (CCC-JAD), 2011 WL 2669601, at*2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). Moreover, if a movant did have the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline, and if the movant can provide no satisfactory explanation for the delay, the Court has the discretion to deny the motion. See, e.g., Harrison, 133 F.R.D. at 469 (movant failed to satisfactorily explain delay in filing the motion to amend).

  Here, Harmelech fails to demonstrate good cause. First, the record demonstrates that Harmelech possessed sufficient knowledge to file his proposed amended counterclaims well before the deadline to do so expired, and that Harmelech fails to satisfactorily explain his delay to amend sooner. For example, Harmelech asserts that facts contained in Mac Naughton's and Paul Korniczky's deposition transcripts provide supplemental facts that more clearly illustrate that Mac Naughton is liable for all counts made in the Counterclaim. See Def.'s Mot. to Amend, D.E. 381, at 3. Harmelech alleges that Mac Naughton admitted in his deposition that he purposefully and wrongfully charged Harmelech Defendants for his wife's transportation and hotel costs from Newark, New Jersey to Chicago, Illinois. See id. at 4. However, as Plaintiff points out, such depositions occurred well over a year before Harmelech moved to amend his pleadings. See Pl.'s Opp. Br., D.E. 387, at 4. Specifically, Mac Naughton's deposition took place on April 29, 2013, approximately a year and a half before Harmelech filed this motion. See Ex. 2 of Def.s' Reply, D.E. 392. Thus, Harmelech had sufficient knowledge to allege his proposed claims much earlier.

  Second, despite the fact that this case has been proceeding for nearly five years and that there has been extensive discovery, Harmelech is now requesting to add new counterclaims against a new plaintiff. See Def.'s Mot. to Amend., D.E. 387, at 2. Specifically, Harmelech argues that Mac Naughton amended his Complaint to add Casco Bay Holdings as a plaintiff in this case. See id. at 2. However, Mac Naughton confirms that "Casco Bay is not a party to this action." See Pl.'s Opp. Br., D.E. 387, at 4. Therefore, Harmelech's argument that he needs to add claims against a non-party is improper here.

  Third, while the Court understands that Harmelech is proceeding pro se, pro se litigants must still comply with the Court's deadlines or show good cause for their failure to do so. Even considering Harmelech's pro se status, "courts are unwilling to allow pro se litigants to disregard court orders and perpetually delay trial proceedings." Huertas v. U.S. Dep't of Educ., No. 08-3959 (RBK/KMW), 2010 WL 2771767, at *5 (D.N.J. 2010). The delay in making this motion far surpasses what may be reasonably excused from a pro se litigant. As of this motion's filing date, this litigation has proceeded for five years, the deadline to amend pleadings expired over three years ago, and fact discovery ended nearly a year and a half ago. See Pretrial Scheduling Order, dated Dec. 10, 2010, D.E. 64. Thus, Harmelech's pro se status, by itself, cannot be considered good cause without undermining the Scheduling Order's purpose to efficiently and fairly control the course of litigation. See Harrison, 133 F.R.D. at 469.

  The Court finds that if Defendant were reasonably diligent, he would have met reasonable scheduling deadlines, or at a minimum, asked for reasonable extensions of time to meet

5

IT IS on this 30th day of January, 2015,

ORDERED that Defendant Harmelech's motion for leave to file an Amended Counterclaim [D.E. 381] is **denied**.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

---

unforeseen events.  Because nothing unforeseen happened here, and Defendant did not satisfactorily explain his delay to amend, the Court concludes that Defendant has not demonstrated good cause to justify this motion.