UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W. JAMES MAC NAUGHTON,<br><br>     Plaintiff *pro se*,<br><br>v.<br><br>SHAI HARMELECH *pro se*, CABLE AMERICA, INC., d/b/a SATELLITE AMERICA and USA SATELLITE & CABLE, INC.,<br><br>     Defendants. | No. 09–cv–5450 (KM)(MAH)<br><br>MEMORANDUM OPINION AND ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

  On July 13, 2016, I granted and denied in part cross-motions for summary judgment filed by *pro se* plaintiff James Mac Naughton and defendant Cable America, Inc., and denied the motion to dismiss filed by *pro se* defendant Shai Harmelech and Cable America (collectively, "defendants," unless otherwise specified). On July 22, 2016, Defendants filed a notice of appeal of my summary judgment decision. I thereafter entered judgment in the amount of $71,763 in favor of Mac Naughton on September 6, 2016. On November 8, 2016, Harmelech moved to stay enforcement of the judgment pending appeal without a bond or alternatively with a reduced bond.[1] Cable America joins Harmelech's request.

  Defendants contend that they need only post a reduced bond—or none—because they already paid Mac Naughton "$50,000.00 as part of a global settlement agreement between Mac Naughton and his alter ego company Casco Bay Holdings LLC"; "$37,000 . . . for earlier bad checks"; "$20,000 that Mac Naughton billed in alleged research that he could not prove"; "$20,000 in

---

  [1] Mac Naughton filed a response on November 13, 2016 (ECF No. 433) and defendants filed a reply on November 22, 2016 (ECF No. 438).

1

wrongful billing." Defendants also argue that they should receive credit for the roughly $140,000 in damages they are seeking against Mac Naughton in actions pending in New Jersey state court and the Illinois federal court. (ECF No. 430)

Fed. R. Civ. P. 62(d) permits an appellant, as a matter of right, to obtain a stay by posting a supersedeas bond. The Court of Appeals for the Third Circuit has not squarely addressed whether a district court may waive the bond requirement. *But see In re Diet Drugs*, 582 F.3d 524, 522 (3d Cir. 2009) (noting that "courts may forego [the bond requirement] when there are other means to secure the judgment creditor's interests") (citations omitted)). The predominant view, however, is that a district may reduce or waive the bond requirement. *See, e.g., Dilion v. City of* Chicago, F.2d 902, 904 (7th Cir. 1988); *Fed. Prescription Serv. V. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980); *Hurley v. Atlantic City Police Dept.*, 944 F. Supp. 371, 375 (D.N.J. 1996) (collecting cases). I will assume *arguendo* that I possess that authority.

A supersedeas bond should be waived only in "extraordinary circumstances." *See United States v. Kurtz*, 528 F. Supp. 1113, 1116 (E.D. Pa. 1981). Factors that should be evaluated in determining whether to waive or reduce the bond requirement include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

*Hurley*, 944 F. Supp. at 375 (citing *Dillon*, 866 F.2d at 904-05). "The judgment debtor bears the burden of demonstrating objectively the need for departure from the usual requirement of full security by showing that posting a full bond

is impossible or impracticable." *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993).

Defendants have not demonstrated why this is an extraordinary case that warrants the grant of an unsecured or only partially secured stay. Defendants have not claimed that they are unable to pay a full bond or that paying a full bond would endanger the security interests of other creditors. *E.g.*, *Hurley* at 388. They have not proposed any alternative plan to provide security for the judgment. *E.g.*, *Kurtz* at 1116. Nor have they offered evidence of any kind concerning their assets, income, or liabilities, or cited any authority suggesting that a supersedeas bond may be waived based on an argument that the judgment is offset by claims brought in unrelated litigations.

Instead, defendants' motion is best characterized as an attempt to relitigate that which was already decided. "In fact all payments made prior to the signing of the promissory note were applied to reduce the amount owed to Mac Naughton from $108,132.28 to $65,000. . . . That is why the parties entered into a note for only $65,000, rather than the amount originally owed." (Opinion, ECF 408, p. 8-9 & n.12) As I explained, discussing the $37,000 in bounced checks, defendants were not entitled to double counting of the bounced $37,000 checks plus the instalment payments by which they repaid Mac Naughton for the bounced checks. (*Id.* at 8–9 n.12, 20) I also explained, based on the evidence, that credit was given for payments made after the date of the promissory note, in reduction of the balance (but not for payments preceding the making of the note, because the principal amount of the note would already have reflected them). (*Id.* at 20) I also rejected the claims that Mac Naughten overcharged for legal services, which were unsupported by any evidence. (*Id.*)

Defendant attempted to re-raise these matters in opposition to the plaintiff's application for entry of judgment. (*See* Letter of Aug. 12, 2016, ECF no. 418) Plaintiff noted that these issues had already been disposed of on summary judgment. (ECF no. 419) I accepted that position and entered

3

judgment in the amount sought by Plaintiff, which was in accordance with the reasoning of the summary judgment opinion.

The allegation of a $50,000 settlement with a corporation said to be Mac Naughten's "alter ego," alleged to be applicable to the promissory note that is the subject of the judgment, is at least new. It consists of nothing more, however, than a reference in a motion brief. (ECF no. 430) No affidavit or evidentiary support is proffered, and no further details are given. Mac Naughten attaches to his opposing certification what purports to be a copy of the settlement agreement in question, dated November 17, 2015. (ECF nos. 433 and 433-1) Mac Naughten points out that by its terms, the settlement agreement relates to a corporation, Casco Bay Holdings, LLC, relating to a $100,000 escrow account in an Illinois state court. The agreement requires release of $50,000 to Casco Bay (and $50,000 to another firm). The settlement *also* required Defendants to pay $125,000 by December 31, 2015. Defendants do not claim to have done so. And the releases, as well as other obligations, were contingent on the consummation of the settlement *via* payment of the $125,000.

The settlement, if consummated, *would have* retired seven listed matters pending in the Illinois courts, as well as this action and two other actions pending in New Jersey. But it was not consummated. And nothing in the record before this Court establishes that the $50,000 released from the Illinois escrow should be credited directly against the promissory note balance. Should this $50,000 release have been intended to retire the promissory note debt, defendants could and should have said so in connection with opposing summary judgment. This argument comes too late; a motion for reduction of bond is not an appropriate forum to bring additional arguments in opposition to summary judgment.

Defendants' proposal that the bond be waived or reduced based on unadjudicated claims that they have brought against Plaintiff in other actions requires no analysis.

4

Defendants have failed to demonstrate good cause to waive or reduce the bond requirement of Rule 62(d). The motion will therefore be denied.

## ORDER

**ACCORDINGLY, IT IS** this 1st day of December, 2016,

**ORDERED** that defendants' motion stay enforcement of the judgment pending appeal and without bond or alternatively with a reduction in the amount of the bond (ECF no. 430) is **DENIED**. No stay will be granted except upon the posting of a bond or other acceptable security sufficient to cover the amount of the judgment plus interest and costs for the likely duration of the appeal.

_____
**KEVIN MCNULTY**
**United States District Judge**