UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

W. JAMES MAC NAUGHTON,

                Plaintiff *pro se*,

v.

SHAI HARMELECH *pro se*, CABLE
AMERICA, INC., d/b/a SATELLITE
AMERICA and USA SATELLITE &
CABLE, INC.,

                Defendants.

No. 09-cv-5450 (KM)(MAH)

MEMORANDUM OPINION
AND ORDER

## KEVIN MCNULTY, U.S.D.J.:

On October 13, 2016, Magistrate Judge Michael A. Hammer filed a report and recommendation ("R&R", ECF no. 426)) denying the application of W. James Mac Naughton, plaintiff *pro se,* for attorney's fees. Mac Naughton filed a timely objection to the R&R (ECF no. 427). No papers were filed in response to the objection. I have, however, reviewed the papers filed by both sides in connection with the Magistrate Judge's decision. Substantially for the reasons stated by the Magistrate Judge, the R&R is adopted as the ruling of the Court.

My standard of review is *de novo*.[1] In this diversity case, I must apply State substantive law, which requires me to determine how the State's highest

---

[1] Under [28 U.S.C. § 636(b)(1)] subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo

1

court has decided, or predict how it would decide, the applicable legal issues. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 220-21 (3d Cir. 2008); *Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 92 (3d Cir. 2008); *see also West v. AT&T Co.*, 311 U.S. 223, 237 (1940); *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007).

The issue, as presented to the Magistrate Judge, was primarily one of law. Defendants urged, and Judge Hammer accepted, that a party who happens to be a lawyer but appears *pro se* is not entitled to an award of fees. The heart of Mac Naughton's objection is that the cases prohibiting such an

---

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court. *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987)). However, we have held that because a district court must take some action for a report and recommendation to become a final order and because "[t]he authority and the responsibility to make an informed, final determination ... remains with the judge," *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), even absent objections to the report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report," *Henderson*, 812 F.2d at 878. We have described this level of review as "reasoned consideration." *Id.* If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error. *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011); *Nara*, 488 F.3d at 194. *But see Leyva v. Williams*, 504 F.3d 357, 363–64 (3d Cir. 2007) (applying de novo appellate review when a pro se litigant did not timely object to a magistrate judge's report and recommendation and the magistrate judge did not "warn[ ] that [the litigant's] failure to object to the Magistrate Judge's report would result in forfeiture of his rights"); *Henderson*, 812 F.2d at 878 n.4 ("[W]hen the district court elects to exercise its power to review a magistrate's report de novo, a party's previous failure to object becomes irrelevant.").

*Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017).

award deal with statutory fee-shifting provisions. Parties, he urges, should be able to contract for a contrary result, as they did in this case.[2]

Before the Magistrate Judge, Mac Naughton argued that Illinois law applied, and defendants argued that New Jersey law applied. On appeal, Mac Naughton appears to concentrate more on New Jersey law. Judge Hammer considered both Illinois and New Jersey law, but ultimately decided that the choice of law issue was inconsequential, because the two states' laws are similar. (R&R 5)

As to Illinois, Judge Hammer cited *Hamer v. Lentz*, 132 Ill. 2d 49, 62–63 (1989), as well as intermediate appellate court cases citing *Hamer*. (R&R 6–7) In particular, he cited *Tantiwongse v. Law Offices of Edward R. Jaquays*, 371 Ill. App. 3d 1161, 1164 (2007), which extended the reasoning of *Hamer* to bar a contractually-based fee award. (R&R 7–8)). I agree with Judge Hammer's reasoning.

In New Jersey, as Judge Hammer found, the picture is similar. The leading case is *Segal v. Lynch*, 211 N.J. 230, 264 (2012), which involved a fee-shifting rule, N.J. Ct. R. 2:11-4. I agree with Judge Hammer that there are strong indications that New Jersey would apply the *Segal* rule to contractually-based fee awards as well.

First, *Segal* itself cited at least one prior lower court case disallowing a contractually-based *pro se* fee award, without distinguishing it in any way. *See Gruber & Colabella, P.A., v. Erickson*, 345 N.J. Super. 248, 252 (Law Div. 2001) (interpreting a retainer agreement, and stating that "when a law firm appearing pro se prevails in an action to collect legal fees from a former client, it is not entitled to recover additional attorney's fees for its collection efforts.") (cited in *Segal*, 211 N.J. at 261). *Segal* did not, however, discuss this aspect of *Gruber*,

---

[2] The note and security agreement at issue provide that "Maker shall be liable for all reasonable attorneys fees and costs arising out of the collection or enforcement of this Note and Security Agreement." (Quoted at R&R 2-3)

3

which it cited it in connection with documenting a split in the New Jersey case law. (*See* discussion at R&R 8–9.)

Second, I supplement the R&R by noting that research has uncovered only one only New Jersey case (an unpublished one) that interprets *Segal* in connection with contractually-based fees. *See Ragan & Ragan, P.C. v. Winberry Realty Partnership,* 2013 WL 1438102 (Super. Ct. N.J. App. Div. Apr. 10, 2013). *Ragan* applied the *Segal* rule and disallowed the fees.

Third, Judge Hammer noted *Segal*'s strong public policy basis for disallowing *pro se* fees. (*See* R&R 8 (general policy discouraging fee-shifting); R&R 9 (discouragement of abusive litigation tactics, avoidance of disparate treatment of classes of pro se litigants); R&R 10 (policy of encouraging parties to obtain independent counsel) (citing *Kay v. Erhler*, 499 U.S. 432, 437–38 (1991)). I agree with Judge Hammer that these policies do not suggest any strong basis for distinguishing between statutory and contractually-based fees. (R&R 10–11)

Now, on appeal, Mac Naughton stresses that *Segal* represented a change in the law, and that pre-*Segal* law should apply to a lawsuit begun before *Segal* was decided in 2012, based on a pre-*Segal* contract. As Mac Naughton presents it, *Segal* changed everything; before *Segal*, pro se fees were allowed (Mac Naughton Brf. at 5 (citing *Brach, Eichler et al. v. Ezewko*, 345 N.J. Super. 1, 783 A.2d 246 (App. Div. 2001) (statutory fee-shifting case)). Actually, as *Segal* carefully documented, the pre-*Segal* New Jersey cases were split; what *Segal* accomplished was not a U-turn in the law, but a resolution of that split. No vested expectations were defeated by *Segal*. In any event, I am not persuaded that *Segal* intended to grandfather all existing contracts, permitting fee awards into the future until all such contracts expired or claims were exhausted. Certainly *Segal*'s public policy rationale would argue against creating such an ongoing entitlement for some litigants, but not others.

4

Again, the only authority on this point seems to be the unpublished *Ragan* case, which is not binding but persuasive. It held that "[n]othing in the Court's opinion suggests that *Segal* was intended to have only prospective application." *Ragan,* 2013 WL 1438102 at *6 (applying *Segal* to bar fee award in case on direct appeal when *Segal* was decided).

In sum, based on the sound reasoning of Judge Hammer, the R&R is affirmed and adopted by the Court.

## ORDER

**ACCORDINGLY, IT IS** this 12th day of December, 2017,

**ORDERED** that the plaintiff's objections (ECF no. 427) to the Magistrate Judge's R&R (ECF no. 426) are DENIED; that the R&R is affirmed and adopted; and that the application for attorney's fees is therefore denied.

The clerk shall close the file.

**KEVIN MCNULTY**
**United States District Judge**